UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MANOLO Z. L., | Case No. 26-cv-316 (LMP/DTS) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| DONALD J. TRUMP, *in his official capacity as President of the United States*; KRISTI NOEM, *in her capacity as Secretary of the United States Department of Homeland Security*; TODD LYONS, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; PAMELA BONDI, *in her official capacity as Attorney General of the United States*; and DAVID EASTERWOOD, *in his official capacity as Acting Director, St. Paul Field Office, United States Immigration and Customs Enforcement*, | |
| Respondents. | |

Rachel M. Engebretson, **Engebretson Law Firm, P.A., Blaine, MN**, for Petitioner.

Ana H. Voss and Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

   Petitioner Manolo Z. L. is a native and citizen of Mexico who entered the United States in approximately July 2009. *See* ECF No. 7-1 ¶ 26. Manolo Z. L. was arrested by immigration officials on January 14, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* Manolo Z. L. alleges that she is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates her detention. *See id.* ¶¶ 88–

91. Manolo Z. L. alleges that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶¶ 92–96.

Manolo Z. L. accordingly petitioned for a writ of habeas corpus, and later filed an amended petition, contending that she falls within a class of noncitizens eligible for bond under 8 U.S.C. § 1226(a). *See generally* ECF Nos. 1, 7-1. She raises statutory claims, constitutional claims, claims under the Administrative Procedure Act, and a claim that she is entitled to relief under the class judgment in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *See* ECF No. 7-1 ¶¶ 79–112. The Court ordered the Government to answer the amended petition no later than January 30, 2026. ECF No. 10. The Government timely responded, arguing that the *Maldonado Bautista* judgment is not binding on this Court and that Manolo Z. L. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 11; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (B.I.A. 2025).

The Court need not decide Manolo Z. L.'s constitutional claims, APA claims, or the thorny question of whether the judgment in *Maldonado Bautista* is binding on this Court. Rather, the Court agrees with Manolo Z. L. on her own statutory claims. As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025).

The Government candidly admits that there is no material distinction between this case and those cases. ECF No. 10 at 6–7. Accordingly, the Court adopts the same reasoning here and concludes that Manolo Z. L. is entitled to a bond hearing under Section 1226(a).

The Court must address the Government's noncompliance with its show-cause order. On January 15, 2026, at 12:19 p.m., this Court entered its show-cause order, which required that the Government provide Manolo Z. L. and this Court with 72-hours' notice before moving Manolo Z. L. outside of Minnesota. ECF No. 3 at 3. However, Manolo Z. L. asserts in her amended petition that after the Court's show-cause order was issued, she was transferred to a detention facility in Texas without notice to her or the Court. ECF No. 7-1 ¶¶ 2, 43. The Government does not rebut or even address this allegation in the amended petition, so the Court presumes it to be true. *Cf.* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

To remedy the Government's violation of this Court's show-cause order, the Government is ordered to return Manolo Z. L. to Minnesota no later than Thursday, February 5, 2026, if indeed Manolo Z. L. remains detained in Texas. After Manolo Z. L. returns to Minnesota, she must be provided a bond hearing in accordance with this Order no later than Friday, February 6, 2026.

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

Manolo Z. L.'s Amended Petition for a Writ of Habeas Corpus (ECF No. 7-1) is **GRANTED** as follows:

1. The Court **DECLARES** that Manolo Z. L. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. If Manolo Z. L. is currently in Texas, the Government is **ORDERED** to return Manolo Z. L. to Minnesota no later than February 5, 2026.

3. The Government is **ORDERED** to provide Manolo Z. L. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of her release no later than February 6, 2026.

4. If the Government does not provide Manolo Z. L. with a bond redetermination hearing as required by this Order, she must be immediately released from detention.

5. No later than February 9, 2026, the Government shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Manolo Z. L.'s release.[1]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 2, 2026

s/Laura M. Provinzino
Laura M. Provinzino
United States District Judge

---

[1] To the extent that Manolo Z. L. seeks immediate release from custody, ECF No. 1 at 31, that request is denied. *See Roberto M. F.*, 2025 WL 3524455, at *5.